IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 1:21-CR-00048 |
| | : | Criminal No. 1:21-CR-00257 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| STANLEY G. BOBULA | : | (Filed Electronically) |

### SENTENCING MEMORANDUM

**I.   INTRODUCTION.**

Mr. Bobula is scheduled to appear on March 27, 2023, for sentencing and a final supervised release hearing. The issues raised herein are: (1) whether Mr. Bobula is indigent and therefore subject to a $5,000 special assessment; (2) whether Mr. Bobula has established that he is unable to pay and is not likely to become able to pay any fine; and, (3) whether the sentence for the new charge (1:21-CR-00257) should be imposed concurrently to his supervised release case (1:21-CR-00048).

**II.   ARGUMENT.**

**1. Because Mr. Bobula is indigent, the $5,000 special assessment is not warranted.**

Under 18 U.S.C. § 3014(a), a special assessment of $5,000 shall be assessed if the Court finds the defendant is not indigent. (PSR ¶ 67). This Court cannot make such a finding because Mr. Bobula *is* indigent.

Section 3014 does not define indigency. But courts have considered relevant factors such as a defendant's income, financial resources, earning capacity and any burden the assessment would place on the defendant or dependents. *See United States v. Lail*, 736 F. App'x 381, 382 (4th Cir. 2018). Courts should also consider any specialized training, education, or skills that the defendant might have and the future employability of the defendant. *See United States v. Kelley*, 861 F.3d 790, 802 (8th Cir. 2017); *United States v. Shover*, No. 20-2666, 2021 WL 4166280, at *3-4 (3d Cir. Sept. 14, 2021) (noting that a court may consider the availability of prison wages, which may range from 12 to 40 cents per hour). And the fact that a defendant, like Mr. Bobula, has court-appointed counsel is probative of indigency under Section 3014. *See Shover*, 2021 WL 4166280, at *3.

The Presentence Report (PSR) details Mr. Bobula's financial condition.[1] He has no assets. (PSR ¶ 53). He has a high school education and a Commercial Driver's License. (PSR ¶ 48). He primarily worked as a truck driver from 2004 to 2009 and from 2013 until 2021. (PSR ¶¶ 50-51). Upon release from imprisonment, he will have to register as a sex-offender, which will likely limit his employment prospects. *See Shover*, 2021 WL 4166280, at *4. Mr. Bobula has a litany of health issues, which, in part, include: Chronic Obstructive Pulmonary Disorder (COPD), high blood pressure, hypertension, sleep apnea, abnormal liver function tests,

---

[1] Mr. Bobula has had court appointed counsel throughout these proceedings.

obesity and he cannot stand for long periods of time. (PSR ¶ 44). Most significantly, Mr. Bobula, who is 65, will be in his mid-seventies when (and if) he's released from imprisonment.[2]

Under these circumstances, this Court should find Mr. Bobula indigent and decline to impose the $5,000 special assessment.[3]

### 2. No fine should be imposed given Mr. Bobula's age, medical conditions, and dim prospects for employment upon his release from imprisonment.

Given all the reasons cited *supra* and in his objection,[4] Your Honor should also decline to impose a fine. The Probation Office, absent a scintilla of support, asserts, "[b]ased on the information [contained within the PSR], it appears the defendant has the ability to pay a fine." (PSR ¶ 54). Yet it fails to offer a hint of what information it relies upon. The Sentencing Guidelines are instructive as they advise, "[t]he court shall impose a fine in all cases, *except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine*." U.S.S.G. §5E1.2(a). (Emphasis added).

---

[2] According to the Centers for Disease Control and Prevention, the average life expectancy for white males like Mr. Bobula is 77.4 years. *See* National Vital Statistics Report.

[3] The government does not dispute Mr. Bobula's indigent status.

[4] No one can guarantee that Mr. Bobula will be placed at an institution that has a UNICOR program nor can his future health be predicted.

Mr. Bobula has established that he is currently unable to pay a fine and will likely be unable to pay one in the future.

### 3. Your Honor should impose concurrent sentences.

The advisory Guidelines range for the new offense is 87 to 108 months. (PSR ¶ 56). But a mandatory minimum of ten years must be imposed.

While it is acknowledged that Mr. Bobula was on supervision when the offense of conviction occurred, it should be recognized that he was first placed on supervision in 2013 for ten years and was violation free until his arrest for conduct which occurred in January 2021.

While his conduct—both past and present—is repugnant, his individual characteristics are relevant in determining sentencing structure. He was convicted of Grand Larceny in 1976 when he was 18, but Mr. Bobula remained crime free until he was arrested in 2010 when he 51 for the supervised release offense. During his life, Mr. Bobula always maintained employment, became married and then widowed, and along with his wife, raised two children, both of whom are now adults.

Following his release from imprisonment in 2013, Mr. Bobula adjusted well to supervised release as evidenced by a lack of any reported violations until January 2021. And while he offers no excuses for his conduct, Mr. Bobula experienced stress and trauma in the months leading up to his arrest as he witnessed his wife struggle with her health. Mr. Bobula's wife, Cheryl, had three

liver transplants between 1997 and 1998. She later developed diabetes and suffered from a suppressed immune system which left her medically vulnerable.

Mr. Bobula was laid off following the COVID-19 outbreak, and while his family struggled financially, it was a blessing in disguise as he was home to take care of his wife whose health was failing. He was trained by visiting nurses to help care for his her, and he watched her suffer greatly.

The combination of these events led to Mr. Bobula's increase in drinking, which lowered his inhibitions, and likely to led to the offense of conviction. (PSR ¶ 42).

Regardless of sentence structure, Mr. Bobula, if he survives, will be in his mid-seventies upon release. Although no one knows with any certainty how long Mr. Bobula will live, we do know that, as a statistical matter, the life expectancy of an incarcerated person drops significantly for each year of incarceration. *See* [Evelyn J. Patterson, *The Dose-Response of Time Served in Prison on Mortality: New York State, 1989-2003*](). And this report predates COVID-19, all of which likely significantly reduces Mr. Bobula's life expectancy.

## III.   CONCLUSION.

Since his most recent incarceration, Mr. Bobula's mother, Ruth, and wife, Cheryl passed away. Your Honor graciously granted three requests for furlough so that Mr. Bobula could visit his mother in hospice care and attend both funerals. (Docs. 15-16 at 1:21-CR-00048 and Docs. 16-17, 23-24 at 1:21-CR-00257). He

5

attended these events without issue and returned faithfully to prison. His cooperation, along with the other factors identified herein, warrant concurrent sentences.

Respectfully submitted,

Date: March 20, 2023

*/s/ Ari D. Weitzman*
ARI D. WEITZMAN, ESQUIRE
Assistant Federal Public Defender
Attorney ID #PA89127
100 Chestnut Street, 3rd Fl.
Harrisburg, PA 17101
Tel. No. (717) 782-2237
Fax No. (717) 782-3881
*ari_weitzman@fd.org*
*Attorney for Stanley G. Bobula*

## **CERTIFICATE OF SERVICE**

 I, Ari D. Weitzman, Esquire, of the Federal Public Defender's Office, do hereby certify that I served a copy of the foregoing **Sentencing Memorandum**, via Electronic Case Filing, or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, addressed to the following:

PAUL J. MIOVAS, JR., ESQUIRE
United States Attorney's Office
*paul.miovas@usdoj.gov*

STANLEY G. BOBULA


Date: March 20, 2023        */s/ Ari D. Weitzman*
                 ARI D. WEITZMAN, ESQUIRE
                 Assistant Federal Public Defender
                 Attorney ID #PA89127
                 100 Chestnut Street, 3rd Fl.
                 Harrisburg, PA 17101
                 Tel. No. (717) 782-2237
                 Fax No. (717) 782-3881
                 *ari_weitzman@fd.org*
                 *Attorney for Stanley G. Bobula*